```
                                    FILED
                         CLERK, U.S. DISTRICT COURT

                                  4/10/2025

                         CENTRAL DISTRICT OF CALIFORNIA
                         BY:        ASI        DEPUTY
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2024 Grand Jury

| UNITED STATES OF AMERICA, | CR 2:25-cr-00271-CV |
|---|---|
| Plaintiff, | I N D I C T M E N T |
| v. | [18 U.S.C. § 1343: Wire Fraud; 18 U.S.C. §§ 38(a)(1)(A)-(C), (b)(1): Fraud Involving Aircraft Parts] |
| J&J ENTERPRISES, LLLP, dba "Light Helicopter Depot," and JARED MICHAEL SWENSEN, | |
| Defendants. | |

The Grand Jury charges:

COUNTS ONE AND TWO

[18 U.S.C. § 1343]

[ALL DEFENDANTS]

A.   INTRODUCTORY ALLEGATIONS

At times relevant to this Indictment:

1.   Defendant J&J ENTERPRISES, LLLP, doing business as "Light Helicopter Depot" ("defendant LIGHT HELICOPTER"), was a business entity with its principal place of business in Ventura County, within the Central District of California.

2. Defendant JARED MICHAEL SWENSEN ("defendant SWENSEN") was an individual residing in Ventura County.

3. Defendant SWENSEN owned and controlled defendant LIGHT HELICOPTER.

4. Defendant SWENSEN held an Airframe and Power Plant Certificate with Inspection Authorization from the Federal Aviation Administration ("FAA").

5. The FAA was an agency with the United States Department of Transportation charged with ensuring the safety of aircraft operations in the United States.

6. A helicopter was a rotorcraft type of aircraft that flies by using the lift generated by one or more rotors.

7. The main rotor blades were rotating blades that provided lift for a helicopter. If they failed, a helicopter would likely crash.

8. The main rotor spindles attached the main rotor blades to the helicopter and enabled the blades to twist so that the helicopter could lift or descend. A failure of the main rotor spindles would likely cause the helicopter to crash.

9. The clutch actuator enabled a helicopter's engine to power the main rotor blades, and therefore, was critical to the safe operation of the helicopter.

10. The hydraulic servos allowed for the smooth control of the helicopter, and if the hydraulic servos failed, the helicopter would likely crash or have to make an emergency landing.

11. The tailcone assembly connected the tail section of a helicopter to the rest of the helicopter and enabled the helicopter

to fly in a straight direction.  If the tailcone assembly failed, the helicopter would not be able to fly straight and would likely crash.

12. RHC was a company located in Los Angeles County, within the Central District of California, that, among other things, manufactured helicopters and helicopter parts ("RHC parts").

13. Pursuant to the FAA's approval, RHC established the life limit for various RHC aircraft parts.

14. An FAA Authorized Release Certificate was a certificate authorized by the FAA that was used to certify that an aircraft part was airworthy.

B.  THE SCHEME TO DEFRAUD

15. Beginning no later than in or around April 2020 and continuing through no earlier than on or about August 25, 2023, in Ventura County, and elsewhere, defendants LIGHT HELICOPTER and SWENSEN, together with others known and unknown to the Grand Jury, knowingly and with intent to defraud devised and participated in a scheme to defraud the FAA and customers of defendants LIGHT HELICOPTER and SWENSEN and to obtain money and property by means of material false pretenses, representations, and promises, and the concealment of material facts.

C.  THE MANNER AND MEANS OF THE SCHEME TO DEFRAUD

16. The fraudulent scheme operated and was carried out, in substance, as follows:

   a. Defendants LIGHT HELICOPTER and SWENSEN would solicit and accept work to overhaul and maintain helicopters.

   b. In performing overhaul work, defendants LIGHT HELICOPTER and SWENSEN were expected to remove RHC parts that had reached or were approaching their life limit and to replace those

parts with new RHC parts, RHC parts that had just been overhauled, or RHC parts that had substantially fewer hours in service.

      c.    Defendants LIGHT HELICOPTER and SWENSEN would remove RHC parts that were near their life limit or which had a substantial number of hours in service.

      d.    Defendants LIGHT HELICOPTER and SWENSEN would install one or more RHC parts on a customer's helicopter and misrepresent that the installed RHC parts were new, overhauled, or had substantially fewer hours in service than their actual number of hours in service, when, in truth and in fact, defendants LIGHT HELICOPTER and SWENSEN knew that the installed parts were not new, were not overhauled, or were closer to their life limit than represented.

      e.    Defendants LIGHT HELICOPTER and SWENSEN would make materially false entries in the helicopter's maintenance logbook and would fraudulently alter RHC sales orders and packing slips to correspond with the false entries.

      f.    Defendants LIGHT HELICOPTER and SWENSEN would install one or more RHC parts and misrepresent the age of the RHC parts as being years newer than their actual age.

      g.    Defendants LIGHT HELICOPTER and SWENSEN would fraudulently alter FAA Authorized Release Certificates in order to falsely claim that the certificate was issued more than two years after its actual issuance date.

      h.    Defendants LIGHT HELICOPTER and SWENSEN would send invoices and receive payments in connection with work in which defendants LIGHT HELICOPTER and SWENSEN made one or more material misrepresentations.

i. Defendants LIGHT HELICOPTER and SWENSEN would knowingly and willfully cause customers to electronically submit payment for invoices to the account of defendant LIGHT HELICOPTER.

D. <u>USE OF INTERSTATE WIRES</u>

17. On or about the dates set forth below, in Ventura County, within the Central District of California, and elsewhere, for the purpose of executing the above-described scheme to defraud, defendants J&J ENTERPRISES, LLLP, doing business as "Light Helicopter Depot," and JARED MICHAEL SWENSEN, together with others known and unknown to the Grand Jury, each aiding and abetting one another, willfully caused the transmission of the following items by means of wire and radio communications in interstate and foreign commerce:

| COUNT | DATE | ITEM |
| --- | --- | --- |
| ONE | February 16, 2023 | Payment from customer to the Bank of America account ending in 4154 of defendant LIGHT HELICOPTER for $13,052.50. |
| TWO | May 3, 2023 | Payment from customer to the Bank of America account ending in 4154 of defendant LIGHT HELICOPTER for $23,772.20. |

COUNTS THREE THROUGH ELEVEN

[18 U.S.C. §§ 38(a)(1)(A)-(C), (b)(1)]

[ALL DEFENDANTS]

The allegations set forth in paragraphs 1 through 16 are incorporated herein by reference.

On or about the following dates, in Ventura County, within the Central District of California, and elsewhere, in and affecting interstate commerce, defendants J&J ENTERPRISES, LLLP, doing business as "Light Helicopter Depot" ("defendant LIGHT HELICOPTER"), and JARED MICHAEL SWENSEN, knowingly and with intent to defraud, falsified and concealed the following material facts, made the following materially fraudulent representations, and made or used the following materially false writings, entries, and records (collectively, the "Fraudulent Representations") concerning the quality of the following aircraft parts:

| COUNT | DATE | AIRCRAFT PARTS | FRAUDULENT REPRESENTATIONS |
|---|---|---|---|
| THREE | April 20, 2020 | Defendants installed Clutch Actuator (Serial number 3040) with at least 1,240 hours in service. | Defendants misrepresented that Clutch Actuator had zero hours in service when installed on customer's helicopter. |
| FOUR | June 3, 2020 | Defendants installed Main Rotor Blades (Serial numbers 2286 and 2289) with at least 2,108 hours in service. | Defendants misrepresented that Main Rotor Blades had only 215.2 hours in service when installed on customer's helicopter. |

| COUNT | DATE | AIRCRAFT PARTS | FRAUDULENT REPRESENTATIONS |
|---|---|---|---|
| FIVE | June 3, 2020 | Defendants installed Main Rotor Spindles (Serial numbers 14977 and 14979) with at least 2,108 hours in service. | Defendants misrepresented that Main Rotor Spindles had only 215.2 hours in service when installed on customer's helicopter. |
| SIX | August 25, 2023 | Defendants installed Hydraulic Servos (Serial numbers 10042, 20828, and 9382A) that were purchased by defendants. | Defendants misrepresented that the Hydraulic Servos had been purchased on or about September 28, 2021. |
| SEVEN | August 25, 2023 | Defendants installed Hydraulic Servo (Serial number 10042). | Defendants misrepresented that an FAA Authorized Release Certificate was issued on January 6, 2022 for the Hydraulic Servo. |
| EIGHT | August 25, 2023 | Defendants installed Hydraulic Servo (Serial number 20828). | Defendants misrepresented that an FAA Authorized Release Certificate was issued on January 7, 2022 for the Hydraulic Servo. |
| NINE | August 25, 2023 | Defendants installed Hydraulic Servo (Serial number 9382A). | Defendants misrepresented that an FAA Authorized Release Certificate was issued on January 7, 2022 for the Hydraulic Servo. |

| COUNT | DATE | AIRCRAFT PARTS | FRAUDULENT REPRESENTATIONS |
|---|---|---|---|
| TEN | April 2, 2023 | Defendants installed Tailcone Assembly (Serial number 10182) with at least 2,189 hours in service. | Defendants misrepresented that the Tailcone Assembly was new when installed. |

A TRUE BILL

/S/
Foreperson

BILAL A. ESSAYLI
United States Attorney

*Lindsey Greer Dotson*

LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division

MARK A. WILLIAMS
Assistant United States Attorney
Chief, Environmental Crimes and Consumer Protection Section

DENNIS MITCHELL
Assistant United States Attorney
Deputy Chief, Environmental Crimes and Consumer Protection Section

DANBEE C. KIM
Assistant United States Attorney
Environmental Crimes and Consumer Protection Section